STATE EX REL. MONTGOMERY, APPELLANT, *v.* MAYOR OF THE CITY OF ANACONDA, RESPONDENT.

(No. 8,185.)

(Submitted May 28, 1941. Decided June 24, 1941.)

[114 Pac. (2d) 1046.]

Cause submitted on briefs of Counsel.

*Mr. Roy A. Michaud,* for Appellant.

*Mr. Sid Stewart,* for Respondent.

MR. JUSTICE ERICKSON delivered the opinion of the court.

The relator made application to the district court for Deer Lodge county for a writ of mandate directed to the mayor of the city of Anaconda to compel him to transmit relator's application for a position as a patrolman in the police force of that city to the police commission. In his application he claimed preference under Chapter 66 of the 1937 Session Laws as an honorably discharged veteran of the war between the United States and Germany and her allies. The court found that at the time of

the hearing before it no vacancy existed in the police force and that since the filing of the application of relator the only vacancy that occurred was filled by the appointment of one Hjelmvoll, who was at the time of relator's application serving his probationary period as a police officer as provided in section 5097, Revised Codes, and that the only others appointed to the police force were special officers appointed for brief periods of time. The court also found that the relator has a plain, speedy and adequate remedy at law under Chapter 66, supra, and that therefore he had no remedy by mandamus. In view of the court's finding as to the facts, no discussion of the latter point is necessary.

The holding of this court in the case of *Andrew Horvath* v. *Mayor of City of Anaconda, ante,* p. 266, disposes of the issues in this case. We have said in that decision that neither the provisions of section 5097, Revised Codes, nor of Chapter 66 of the 1937 Session Laws, require the mayor to transmit applications for positions on the police force to the police commission when no vacancy in the police force exists. The record supports the finding on this question of the non-existence of a vacancy. It also supports the court's finding that the only vacancy that has occurred since the filing of relator's application with the mayor has been filled by the appointment of a person who was serving his probationary period as a police officer as provided in section 5097. Therefore the relator is not entitled to the relief he seeks, and the court correctly denied the writ. In the event a subsequent vacancy occurs, what we have said in the *Horvath Case* will be controlling.

Some contention is made by relator that an eligible list should have been established as provided in section 5101, Revised Codes. That section provides in substance that "the city council shall have absolute and exclusive power to determine and limit the number of police officers * * * , and to divide the police membership into two lists * * * , one an eligible list," and that active patrolmen shall be chosen from this eligible list. It clearly appears from this statute that the mayor is given no power to establish an eligible list. Whether or not an eligible

list must be established under this statute cannot be determined in this proceeding, since the body designated to establish that eligible list is not a party to this suit.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and MORRIS concur.